## SHY JONES v. THE STATE.

### No. 669.   Decided December 21, 1910.

**1.—Intoxicating Liquor—Soliciting Orders—Occupation—Constitutional Law.**

See opinion showing that motion to quash indictment on the ground of the unconstitutionality of the Act of the Legislature defining the soliciting and taking orders for the sale of intoxicating liquors is not decided.

**2.—Same—Charge of Court—No Profit—Insufficiency of Evidence.**

Where, upon trial of unlawfully pursuing the business of selling and offering for sale intoxicating liquors by soliciting and taking orders therefor, the evidence showed that the requests made upon defendant for liquor by third parties were voluntarily made, and were complied with by defendant without compensation and without any solicitation on his part it was reversible error not to have submitted this issue as requested by defendant's special instruction.

Appeal from the County Court of Limestone.   Tried below before the Hon. W. A. Keeling.

Appeal from a conviction of unlawfully pursuing the business of soliciting orders for the sale of intoxicating liquors; penalty, a fine of $4,000 and ninety days confinement in the county jail.

The opinion states the case.

*Doyle, Jackson & Harper,* for appellant.—On question of refusing to submit defendant's special instructions:   Cohen v. State, 53 Texas Crim. Rep., 422, 110 S. W. Rep., 66; Ex parte Massey, 49 Texas Crim. Rep., 60, 92 S. W. Rep., 1086; Koenig v. State, 33 Texas Crim. Rep., 367, 26 S. W. Rep., 835; Love v. State, 31 Texas Crim. Rep., 469, 20 S. W. Rep., 978; Stanford v. State, 16 Texas Crim. App., 331; Owens v. State, 47 Texas Crim. Rep., 634, 85 S. W. Rep., 794; Ex parte Hackney, 92 S. W. Rep., 1092; Carter v. State, 92 S. W. Rep., 1093; Rector v. State, 90 S. W. Rep., 41.

The law on which said indictment is based is unconstitutional and the court should have quashed same, because the law authorizes a person, by paying an occupation tax, to pursue an occupation or business inhibited by law in a county where local option is in force.

The law is ambiguous and unconstitutional in that it taxes a business which it prohibits.

The court erred in not quashing the indictment because the law on which it is based is unconstitutional, in that said statute discriminates against a person living in a county where local option is in force, and in favor of the citizens residing in a county where local option is not in force, by requiring a person living in a local option county to pay an occupation tax which it does not require of a person living in a county where local option is not in force.   We submit this as a proposition to be sustained.

The court erred in not granting a new trial herein, because the law on which this indictment is based is void in this, the alleged law under which this defendant was indicted and convicted went into

effect on February 24, 1909, and the same Legislature which enacted it passed another law upon the same subject (chapter 15, page 284, Acts 1909), and it became the law ninety days after the adjournment of the Legislature and said last enactment, by implication, repeals the law under which this defendant was convicted, and there is therefore no law to sustain said indictment. Constitution of Texas, art. 8, sec. 2; Hoefling ·et al. v. State, 20 S. W. Rep., 85; Ex parte Johnson, 38 Texas Crim. Rep., 482, 43 S. W. Rep., 513; Poteet v. State, 41 Texas Crim. Rep., 268, 53 S. W. Rep., 869; Rainey v. State, 41 Texas Crim. Rep., 254, 53 S. W. Rep., 882; Ex parte Woods, 52 Texas Crim. Rep., 575; Asher v. State of Texas, 128 U. S., 129; Leloup v. Mobile, 127 U. S., 640; Robbins v. Shelby District, 120 U. S., 489; Ex parte Massey, 92 S. W. Rep., 1086; Rassieur v. State, 45 S. W. Rep., 245; Act of 1909.

If this law is to place a tax ·on the sale of whisky it is unconstitutional and against public policy in that it changes the place of sale and fixes the tax on property where the sale does not take place. And it also allows a business to be taxed if the sale takes place in the county where the order is taken that is absolutely prohibited by statute. Keller v. State, 87 S. W. Rep., 669; Sims v. State, 50 Texas Crim. Rep., 563, 87 S. W. Rep., 689.

Said law is violative of article 16, section 20, of the Constitution of the State of Texas, and is violative also of the Bill of Rights, insofar as it seeks to fix a punishment of ninety days imprisonment for failure to pay the tax, making in fact imprisonment for debt for failure to pay the occupation tax.

In addition to the above two Acts cited, we call your attention to Acts 1909, page 356, which makes it a felony to sell intoxicants in local option territory, and this repeals the law under which defendant was indicted. Sixth assignment of error. Vagrancy Act of 1909; Rassieur v. State, 45 S. W. Rep., 245.

·The court erred further in not quashing said indictment because the law is unconstitutional in this; it is in .conflict· with article 8, section 2, of our State Constitution, which provided that all taxes shall be equal and uniform. Cases first above cited.

The court erred in not setting aside the verdict and granting a new trial herein, because the law on which this indictment is based, insofar as it seeks to levy an occupation tax for soliciting orders for the sale of intoxicating liquors is violative of the Constitution and laws of the United States. Cases cited above.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—In this case an indictment was preferred against appellant charging him with pursuing the business of selling and offering for sale intoxicating liquors by soliciting and taking orders therefor, which occupation was then and there made taxable

by law without first having paid the taxes due the State, which, it was averred, amounted to the sum of $4,000. On trial he was convicted on this charge, and his punishment assessed at a fine of $4,000 and ninety days confinement in jail.

1. Before the trial appellant made a motion to quash the indictment on the ground that the Act of the Legislature under which he was sought to be prosecuted was unconstitutional for various reasons therein set forth. In view of the disposition we shall make of the case, we shall not undertake at all to pass on this question.

2. In this case the evidence shows that appellant lived in the town of Mexia. That about the time the charge was made against him he made frequent trips to the town of Teague, some twelve miles south of Mexia, on the Trinity & Brazos Valley Railway. That these trips were sometimes as frequent as two or three times a week, and that it was his habit not infrequently on his return from Teague to bring to Mexia, sometimes in a valise and sometimes in a sack, bottles of whisky of various sizes for different parties. The evidence fails to show that at any time appellant personally solicited anyone to order liquor by asking anyone to make such order. All the testimony shows that in every case where he brought whisky from Teague for anyone that such person approached him and asked him to get whisky for them, paying him the price for the quantity of whisky desired. Occasionally these requests were denied on the ground that he was not going to Teague, but more frequently they were complied with. The evidence shows that in some cases persons desiring whisky wrote out the kind wanted as well as the price, but in very many instances these requests were verbal and were made without any suggestion or any procurement on the part of appellant. We are not prepared to say whether or not, in view of the continued and continuous custom and habit of appellant in carrying on this business, and in view of the publicity and volume that same had attained, he could, under any circumstances, be held guilty of soliciting orders. However, as stated, in most instances, the requests for the purchase of whisky were verbal, and in practically every instance without compensation or payment of any kind to appellant. In this condition of the record, counsel for appellant requested the court to give the following special instructions:

1. "Gentlemen of the jury: At the request of the defendant you are instructed that one who without compensation to himself and who derived no profit, or does not contemplate deriving any profit from the transaction, would not in law be held to be pursuing the occupation of selling intoxicating liquors, by purchasing for another, whisky, at his request, with money furnished by said party, and delivering same.

2. "Gentlemen of the jury: At the request of the defendant you are instructed: That a person who simply purchased for another party, at the request of, and with money furnished by said other

party, intoxicating liquors, and delivers same to said other party and who did not solicit the order, but who performs said service upon the request of the other party, and who did not own intoxicating liquors, and received no profit from or on account of said transaction, would not in law be guilty of engaging in selling intoxicating liquors without license."

We think that, while possibly not precisely accurate in every respect, these charges presented a view of the case directly pertinent to the facts and should have been given. It is not a case where the guilt of appellant is sought to be fixed by the very few written orders, if such they can be called, vaguely alluded to in the testimony, but it seems to us from the record that his guilt was sought rather to be established by the frequency of the verbal requests given him by the several witnesses. As stated, these requests were voluntarily made by the .witnesses, and were complied with without compensation, and without any solicitation at all on 'the part of appellant. The view of the case presented by these special charges was not presented by the court's charge, and the evidence of verbal requests with reference to liquors was in no respect charged upon by the court. Certainly, the last quoted instruction would seem peculiarly appropriate in this state of the record.

For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

McCord, Judge, absent.